NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3258

PENNY J. SEWARD,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Penny J. Seward, of Conway, Arkansas, pro se.

Douglas G. Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief was Lynne Ravellette, Staff Attorney, Office of Regional Counsel, United States Department of Veterans Affairs, of North Little Rock, Arkansas.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3258

PENNY J. SEWARD,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board
in DA-3330-09-0269-I-1.

_____

DECIDED:  December 11, 2009

_____

Before BRYSON, ARCHER, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Penny J. Seward challenges the decision of the Merit Systems Protection Board dismissing her appeal.  We <u>affirm</u>.

## BACKGROUND

Ms. Seward served in the United States Air Force for 20 years until her retirement and honorable discharge in 1997.  Two years later, Ms. Seward began working at the Central Arkansas VA Health Care System.  Soon thereafter, the

Department of Veterans Affairs ("DVA") posted announcements for several vacant positions, for which Ms. Seward applied. First, in March 2000, she applied for a position as a Personnel Management Specialist pursuant to vacancy announcement MP 00-029, which advertised the position at either the GS-09 or the GS-11 level. The DVA found that she was not qualified for the position at either level.

Next, on May 23, 2000, Ms. Seward applied for a Staffing Assistant position under vacancy announcement MP 00-083. Positions were open at the GS-05, GS-06, and GS-07 grade levels. Ms. Seward was selected for the position at the GS-05 level, and, on November 5, 2000, she was promoted to the GS-06 level.

Finally, on December 14, 2000, Ms. Seward applied for a Personnel Management Specialist position under vacancy announcement MP 00-231, which stated that those positions were available at the GS-07, GS-09, and GS-11 grade levels. On February 13, 2001, she was selected for a Personnel Management Specialist position at the GS-07 level.

In September 2006, Ms. Seward filed an appeal with the Merit Systems Protection Board asserting that the DVA had violated the Veterans Employment Opportunities Act of 1998 ("VEOA") in connection with her application for the Personnel Management Specialist position under vacancy announcement MP 00-029. The administrative judge who was assigned to the case initially dismissed her appeal for lack of jurisdiction. The administrative judge found that Ms. Seward had failed to exhaust her administrative remedies because she had failed to file a complaint with the Labor Department within 60 days of the alleged violation, which is a prerequisite for Board jurisdiction. Ms. Seward's petition for review was denied by the full Board on February

28, 2007. However, a week after that decision, this court issued its opinion in <u>Kirkendall v. Department of the Army</u>, 479 F.3d 830 (Fed. Cir. 2007) (en banc). Based on that decision, Ms. Seward filed a request to reopen the Board's final decision. The Board granted the request and remanded the case to the administrative judge.

On remand, the administrative judge found good cause to equitably toll the time limit for filing the VEOA claim with the Labor Department. The administrative judge then considered the merits of Ms. Seward's claim and denied her request for corrective action. Ms. Seward filed a petition for review by the full Board, but the petition was denied on December 27, 2007.

Ms. Seward then filed an appeal with the Board on January 30, 2008, arguing that the DVA had violated the VEOA when she applied for a Personnel Management Specialist position under MP 00-231. The administrative judge conducted a hearing on the merits of that claim but denied Ms. Seward's request for corrective action. She filed a petition for review by the full Board, which was denied on August 6, 2008.

On October 6, 2008, Ms. Seward filed an appeal claiming that the DVA had violated the VEOA with regard to her application for the Staffing Assistant position under MP 00-083. The administrative judge denied Ms. Seward's request for corrective action in that appeal.

On February 9, 2009, Ms. Seward filed a new appeal alleging that the DVA had violated the VEOA in processing her applications under vacancy announcements MP 00-029, MP 00-083, and MP 00-231, all of which had been the subjects of previous appeals to the Board. The administrative judge denied her appeal as barred by res judicata. Ms. Seward now appeals from that order.

DISCUSSION

The doctrine of res judicata bars parties from relitigating issues that were raised or could have been raised in an earlier proceeding between the same parties. See Cook v. Principi, 318 F.3d 1334, 1336-37 (Fed. Cir. 2002) (en banc). The doctrine applies when "(1) a prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Noble v. U.S. Postal Serv., 93 M.S.P.R. 693, 696-97 (2003).

In her earlier appeals, Ms. Seward contended that the DVA violated the VEOA in connection with her applications for the positions listed in MP 00-029, MP 00-083, and MP 00-231. The record shows that the Board ruled on all three claims and that those rulings all became final. Res judicata therefore prevents Ms. Seward from litigating those same claims again. Because the Board has previously decided the same matters that Ms. Seward seeks to raise in this case, she is bound by the results of those previous decisions. We therefore uphold the Board's decision.